# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1306

JOSE LUIS CAMPUZANO-CAMPOVERDE, ROXANA LOURDES ZAMBRANO-VELEZ,
L.M. C.Z.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

On Petition for Review from the Board of Immigration Appeals
Appellate Immigration Judge Joan B. Geller, Nos. A220-441-015, A220-441-016,
& A220-441-017

Before: BIBAS, PORTER, and BOVE, *Circuit Judges*
Submitted Jan. 29, 2026; Decided Feb. 19, 2026

NONPRECEDENTIAL OPINION *

BOVE, *Circuit Judge.*   Petitioner Jose Campuzano-Campoverde, an Ecuadorian citizen joined on the Petition For Review by two relatives, seeks review of a BIA decision affirming an Immigration Judge's denial of various forms of relief from otherwise-final removal orders.  Petitioner primarily contends that his family was denied due process by the IJ.  He did not exhaust this argument before the BIA.  Accordingly, we will dismiss the Petition For Review and deny the government's motion for summary relief as moot.

---

*  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Petitioner, his common law wife, and his minor daughter filed the Petition For Review. They entered the United States without admission or parole and were charged as removable under 8 U.S.C. § 1182(a)(6)(A). Petitioners conceded removability but filed an application for asylum, withholding of removal, and CAT protection. The IJ denied the application. The BIA dismissed the appeal. Petitioners timely filed the Petition For Review.

## II.

The BIA had jurisdiction pursuant to 8 U.S.C. § 1103(g), and 8 C.F.R. §§ 1003.1(b) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a).

"We review the BIA's legal conclusions *de novo* and its factual findings under the substantial-evidence standard." *Darby v. AG*, 1 F.4th 151, 159 (3d Cir. 2025).[1]

## III.

Petitioner relied almost exclusively on an ineffective-assistance claim before the BIA. The BIA rejected that argument and explained—in a conclusion not challenged here—that Petitioner had waived any other challenges to the IJ's findings with respect to the claims for asylum, withholding of removal, and CAT protection. In the Petition For Review, Petitioner asserts for the first time that the IJ violated due process by "creat[ing]

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

a hostile environment regarding errors made by Petitioner's attorney." Pet. Br. 2. Petitioner failed to exhaust this argument with the BIA.

"[W]e will not require the BIA to guess which issues have been presented and which have not." *Inestroza-Tosta v. AG*, 105 F.4th 499, 520 (3d Cir. 2024). A petitioner must "exhaust all remedies available to [him] in order to preserve [his] right to appellate review of a final order of removal." *Gomez-Gabriel v. AG*, 146 F.4th 327, 330 (3d Cir. 2025); *see also* 8 U.S.C. § 1252(d)(1). While § 1252(d)(1) is not a jurisdictional bar, "once the government raises the issue, we must enforce it." *Gomez-Gabriel*, 146 F.4th at 330.

The government has invoked § 1252(d)(1). On these facts, that argument is dispositive. And though Petitioner cursorily argues on appeal that the BIA deprived him of due process by failing to consider how poorly the IJ treated his attorney, the BIA could not have acted unconstitutionally by failing to credit an argument that Petitioner did not make. Accordingly, we will dismiss the Petition For Review, deny as moot the government's motion for summary relief, and deny as moot the government's motion to submit on the briefs.